**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEXIS JOSE MANZANILLA RIVAS,<br><br>Petitioner,<br><br>v.<br><br>ROBERT CERNA, et al.,<br><br>Respondents. | ) | Case No. CIV-26-2499-SLP |

**O R D E R**

Petitioner, Alexis Jose Manzanilla Rivas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 14], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on or around December 9, 2023, after having been granted parole by the Department of Homeland Security. On or about August 5, 2026, Petitioner was re-detained by ICE following a traffic stop. Petitioner has been continuously detained without a bond hearing since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamond Correctional Facility in Watonga, Oklahoma.

On September 16, 2026, Petitioner filed this action, claiming a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. In his Reply [Doc. No. 12], Petitioner asserts that the INA has been violated, and a bond hearing is the appropriate remedy.

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) days or, in the alternative, for Respondents to release Petitioner from custody. Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's Due Process claim.[1]

[1] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's Due Process claim, and the Court concurs with that recommendation.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)). The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), holding that "§ 1225(b)(2)(A)'s application is limited to the border." *See also id*. at 1239 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though he has lawful status.").[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a)

[2] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id*., *cert. granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

within seven (7) days[3] of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on December 1, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of November, 2026.

---

[3] *See Quiroz*, 130 F.4th at 1251 n. 13.

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").